# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-04074-JDE | Date | August 4, 2026 |
| Title | Yuxiang Wang v. James Janecha, et al. | | |

| | |
|---|---|
| Present: The Honorable | John D. Early, United States Magistrate Judge |

| | |
|---|---|
| Amber Rodriguez | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order re Supplemental Briefing

On July 21, 2026, Yuxiang Wang ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus challenging her detention by immigration authorities and seeking her immediate release from custody. Dkt. 1 ("Petition" or "Pet."). Petitioner, who is a national of the People's Republic of China, was admitted to the United States on May 1, 2016 on a B-2 visa and shortly thereafter, she applied for asylum. Id. ¶ 1. On March 11, 2026, the Immigration Court ordered her removed in absentia when her attorney failed to appear for the hearing on her asylum claim. Id. ¶ 2. On July 13, 2026, Petitioner traveled on a domestic flight and was arrested by Immigration and Customs Enforcement ("ICE") at the airport, without being provided notice or an opportunity to be heard. Id. ¶ 3. She has no criminal history. Id. ¶ 26. On July 17, 2026, she filed a Motion to Reopen Removal Proceedings ("Motion to Reopen") with the Immigration Court, which she contends automatically stays her removal pursuant to 8 C.F.R. § 1003.23(b)(4)(ii). Id. ¶¶ 37, 40. Petitioner also filed a Motion for Stay of Removal Pending Adjudication of Motion to Reopen on July 21, 2026. Id. ¶ 39. Her Motion to Reopen remains pending and she has not been provided a bond hearing. Id. ¶¶ 35, 40. Petitioner maintains she is "subject to an administratively final order of removal," and consequently, an immigration judge ("IJ") lacks jurisdiction to redetermine her custody status. Id. ¶ 22. She asserts three claims: (1) a procedural due process claim based on detention without pre-deprivation notice and a hearing; (2) unauthorized detention under 8 U.S.C. § 1231(a)(6); and (3) a substantive due process claim based on "[d]etention [u]ntethered to [a]ny [p]ermissible [p]urpose."

Respondents filed a Response on July 28, 2026, arguing that Petitioner has not shown that she was paroled into the United States such that she would be entitled to notice or a hearing prior to detention and her removal is "not reasonably unforeseeable in the constitutional sense" as she has been detained "well within the six-month presumptive period" under Zadvydas v. Davis, 533 U.S. 678 (2001). Dkt. 8. Petitioner did not file an optional reply, although she was provided the opportunity to do so (Dkt. 4 at 2 ¶ 4).

The parties claim Petitioner's detention is governed by 8 U.S.C. § 1231(a) because she is subject to a final order of removal, but recent Ninth Circuit authority suggests that Petitioner's in absentia removal order was not yet administratively final at the time of her arrest. In Cui v. Garland, 13 F.4th 991, 996 (9th Cir. 2021), the Ninth Circuit considered the question of finality on

a removal order issued in absentia. As the Ninth Circuit explained, a removal order "become[s] final upon the earlier of (i) a determination by the [Board of Immigration Appeals] affirming such order; or (ii) the expiration of the period in which the [noncitizen] is permitted to seek review of such order by the [BIA]." Id. (citation omitted). Because in absentia removal orders may not be appealed directly to the BIA without first filing a motion to reopen before the IJ within 180 days of the removal order, if the petitioner does not timely file such a motion, the removal order becomes final "at the end of the 180-day period." Id.

Here, Petitioner's removal order was issued in absentia on March 11, 2026. On July 17, 2026 – within the 180-day period – Petitioner filed the Motion to Reopen, which remains pending. Thus, it appears Petitioner's removal order issued in absentia may not administratively final and Petitioner's detention may not governed by 8 U.S.C. § 1231(a). See, e.g., Singh v. Warden of Golden St. Annex Fac., 2026 WL 2078193, at *2 (E.D. Cal. July 18, 2026) ("As 180 days have not yet passed, the in absentia removal order is not administratively final. Because petitioner's order of removal is not administratively final, petitioner's detention is not governed by 8 U.S.C. § 1231(a)(6)."); Li v. Albarran, 2026 WL 970529, at *3-4 (E.D. Cal. Apr. 10, 2026) (finding petitioner ordered removed in absentia was subject to discretionary detention pursuant to Section 1226(a) where appeal of IJ's denial of motion to reopen was pending); Bonilla v. Hermosillo, 2025 WL 3237854, at *3 (W.D. Wash. Nov. 19, 2025) (finding removal order issued in absentia was not final where petitioner filed a timely notice of appeal of the IJ's denial of motion to reopen).

As neither party has addressed the applicability of Cui, the Court finds further briefing is warranted. As such, within seven days of this Order, Petitioner shall file a Supplemental Brief addressing the applicability of Cui. Further, as it is not clear Petitioner has demonstrated entitlement to relief as the Petition is currently framed, Petitioner shall provide additional information regarding her immigration proceedings, including whether she was lawfully in the country at the time of her arrest; whether she was subject to any supervision conditions, including ICE check-ins; and if her detention is governed by 8 U.S.C. § 1226(a), why she believes she is entitled to relief beyond the bond hearing provided to members of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.). Rather than filing a Supplemental Brief, Petitioner may, in the alternative, file a First Amended Petition within seven days of this Order. At the time the Supplemental Brief or First Amended Petition is filed, Petitioner shall lodge with the Court all records bearing on her claims that she is entitled to the relief sought.

Within seven days of the filing of Petitioner's Supplemental Brief or First Amended Petition, Respondents shall file a Response addressing the application of Cui and responding to Petitioner's arguments on the merits. Respondents shall also address the basis for detaining Petitioner on July 13, 2026, as it appears she may have been taken into custody based on the erroneous belief that she was subject to a final order of removal.

IT IS SO ORDERED.